**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 2:99CR00003-009 |
| | § | |
| DAVID WAYNE CARLISLE | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On May 22, 2007, the court held a hearing on the government's Petition to Revoke Supervised Release. The government was represented by Assistant United States Attorney Mr. Alan Jackson. The defendant was represented by Mr. Scott Hacker.

David Carlisle was sentenced on September 8, 1999, before The Honorable U.S. District Judge David Folsom of the Eastern District of Texas after pleading guilty to the offense of Possession of Cocaine Base With Intent to Distribute, a Class B felony. This offense carried a statutory maximum imprisonment term of not more than forty (40) years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of III, was 70 to 86 months. David Wayne Carlisle was subsequently sentenced to seventy (70) months in prison followed by four (4) years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare services. On September 17, 2004, David Wayne Carlisle completed his period of imprisonment and began service of the supervision term.

On April 30, 2007, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall not commit another federal, state, or local crime. Specifically, the government alleges as follows: On November 29, 2006, Mr. Carlisle was charged with the offense

of Possession of Marijuana.

2)  The defendant shall not illegally possess a controlled substance.  Specifically, the government alleges as follows: On December 8, 2006, the defendant was convicted of the offense of Possession of Marijuana (State Jail Felony) in Harrison County District Court and sentenced to six (6) months in a State Jail facility.

3)  The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.  Specifically, the government alleges as follows: Mr. Carlisle failed to report to the probation department on October 26, 2006.

The court scheduled a revocation hearing for May 22, 2007.  At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the first and second allegations as set forth above.  After his plea of true to the first and second allegations, the government abandoned the remaining allegations.  Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, consecutive to the term of imprisonment the defendant is currently serving in Harrison County Case Number 06-0542X, with no term of supervised release to follow such term of imprisonment.  The court further recommended that the court request entry of the defendant into the most intensive drug treatment program that the Bureau of Prisons can accommodate.  Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the first and second allegations as set forth in the government's petition be **ACCEPTED**. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, consecutive to the term of imprisonment the defendant is currently serving in Harrison County Case Number 06-0542X, with no term of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the court request entry of the defendant into the most intensive drug treatment program that the Bureau of Prisons can accommodate.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 31st day of May, 2007.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE